UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

KURT J. LOWE,

Plaintiff,

v.

BOONE CO. SHERIFF'S DEPT., et al.,

Defendants.

Civil Action No. 2: 14-127-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Kurt J. Lowe is a pre-trial detainee confined at the Boone County Jail in Burlington, Kentucky. Proceeding without an attorney, Lowe filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 9, 2014. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must conduct a preliminary review of Lowe's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Lowe's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Lowe names as defendants the Kentucky Department of Public Advocacy ("DPA"), DPA attorney Edward C. Monahan, DPA Manager Steve Florian, DPA attorney Keith Morgan, DPA attorney Sheena Baylon, Dr. Ed Conner, Judge Gregory M. Bartlett, Judge Anthony Frohlich, Judge Charles Moore, Judge J.R. Schrand, Cindi Collins, Judge Julie Reinhardt Ward, Kathryn Hendrickson, and "John & Jane Does 1-50." Each of the individual defendants is named in his or her individual and official capacity. [R. 1, pp. 1-3][1]

Lowe alleges that DPA attorneys Morgan and Baylon lied to him about filing documents on his behalf in the criminal case pending against him, restricted his access to court records, and fabricated a document related to a medical examination that Lowe alleges never took place. He further asserts that DPA attorneys Monahan and Florian condoned and acquiesced in their misconduct, and that Florian conspired with others to falsify court records. [R. 1, ¶15-20]

With respect to judges Bartlett and Frohlich, Lowe asserts that they were part of a conspiracy that resulted in his criminal convictions in 2008, and acted in concert to alter or destroy court records involving that case. Lowe contends that judges Moore and Schrand concealed court records and improperly presided over matters in his current criminal case instead of recusing. He further alleges without explanation that Collins conspired to deprive him of his constitutional rights. [R. 1, ¶21-27]

Lowe alleges that Hendrickson conspired to prevent him from accessing a transcript of grand jury proceedings and from obtaining unidentified discovery, and to alter court records. He contends that Judge Ward "enforc[ed] a state law in the wrong way," disclosed an expert witness' name in open court when it should have been maintained under seal, declined his request to subpoena certain state officials, and held him in contempt of court following a hearing.

---

[1] Contemporaneously with the filing of his complaint, Lowe filed a motion requesting that judges Bertelsman, Bunning, and Wehrman disqualify themselves from presiding over this matter. [R. 3] As this case has now been transferred to the undersigned for adjudication, this motion will be denied as moot.

[R. 1, ¶28-37] Lowe contends that the defendants' actions violated his constitutional rights, and he asserts a number of claims under state law, although he makes no effort to tie particular conduct by a given defendant to any discernible claim. [R. 1, ¶38-62]

Lowe's complaint is subject to summary dismissal for a number of reasons. For instance, his allegations are vague and conclusory, and he does not attempt to articulate claims with sufficient clarity to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A number of his claims are barred by the Eleventh Amendment, some defendants are plainly not "state actors" subject to suit under § 1983, while others would be entitled to absolute judicial immunity or quasi-judicial immunity with respect to the conduct alleged.

But the Court does not reach those issues, because it is plain that Lowe's allegations – all of which relate to and are inextricably intertwined with ongoing criminal proceedings against him in the state courts – must be pursued in the state courts. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court made clear that a federal court should abstain from exercising jurisdiction over claims which, if permitted to proceed, would unduly and improperly interfere with ongoing judicial proceedings in a state court. State courts must be afforded the first opportunity to address a plaintiff's claims that proceedings before it violate his federal constitutional rights. *Id.* at 43-50.

The State criminal case against Lowe is ongoing, and there is no question that permitting the claims he asserts in this case to go forward would impermissibly interfere with those proceedings. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) ("a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case."). Because the Kentucky court system provides Lowe with an

available and adequate system to address his concerns, the Court will abstain from exercising subject matter jurisdiction over his claims. *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 638-42 (6th Cir. 1990).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Motion to Disqualify and for Recusal [R. 3] is **DENIED AS MOOT**.

2. Lowe's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. The Court will enter a judgment contemporaneously with this Order.

4. This matter is **STRICKEN** from the active docket of the Court.

Dated July 24, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY